**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**William WEHR, Defendant–Appellant.**

**No. 93–30149.**

United States Court of Appeals,
. Ninth Circuit.

Submitted March 11, 1994 *. .

Decided April 5, 1994.

---

* The panel unanimously finds this case suitable for submission without oral argument. Fed. R.App.P. 34(a); 9th Cir.R.· 34–4.

Colleen B. Scissors, Portland, OR, for defendant-appellant.

Neil Evans, Asst. U.S. Atty., Portland, OR, for plaintiff-appellee.

Before: BROWNING, KOZINSKI and NOONAN, Circuit Judges.

NOONAN, Circuit Judge:

On equal protection grounds William R. Wehr challenges the sentence imposed upon him for violation of 18 U.S.C. § 471. We affirm the judgment of the district court.

## PROCEEDINGS

Wehr pleaded guilty to Counts 1 and 4 of a four-count indictment, in return for which the government dismissed Counts 2 and 3. He pleaded guilty to a charge of counterfeiting approximately $5,780 in falsely made federal reserve notes and to a count of falsifying two Oregon driver's licenses in violation of 18 U.S.C. § 1028(a)(1).

Pursuant to Sentencing Guideline § 3D1.2(d) the probation officer grouped Counts 1 and 4 together. The grouping resulted in a base line offense level under § 2B5.1 (1992), "Offenses Involving Counterfeit Bearer Obligations of the United States," of nine. As the face value of the counterfeits exceeded $2,000, the base level was increased according to the table in § 2F1.1 by two, resulting in a level of eleven. However, under § 2B5.1(b)(2), if the counterfeits are obligations of the United States and the offense level is less than fifteen, the increase is to be to level fifteen. There were no other adjustments to be made except an adjustment for acceptance of responsibility pursuant to § 3E1.1. The reduction there prescribed was two, leaving an offense level of thirteen.

Under the Sentencing Table the appropriate sentence at level thirteen ran from twelve to eighteen months. The statute itself, 18 U.S.C. § 471, provided for a sentence of a fine of not more than $5,000 or imprisonment of not more than 15 years, or both. The district court sentenced Wehr to imprisonment of one year and one day.

Wehr appeals his sentence, restating on appeal the challenge he made in the district court to the constitutionality of the amount of the reduction for acceptance of responsibility.

## ANALYSIS

Wehr argues that a two-point reduction for acceptance of responsibility when his offense level was fifteen is unconstitutional because it is irrational, given that the Sentencing Guidelines § 3E1.1 prescribe a three-point reduction if the offense level is sixteen or more. He does so by attacking the rationale offered by the Sentencing Commission

for the difference. The Commission's rationale reads as follows:

> At offense level 15 or lower, the reduction in the guideline range provided by a 2-level decrease in offense level under subsection (a) (which is a greater proportional reduction in the guideline range than at higher offense levels due to the structure of the Sentencing Table) is adequate for the court to take into account the factors set forth in subsection (b) within the applicable guideline range.

U.S.S.G. § 3E1.1, Commentary, Background.

Wehr's threefold criticism of the rationale is as follows:

A three-level reduction at the lower levels would result in a greater percentage decrease than at the higher levels, but this would be a direct result of the Sentencing Table, which has been set with levels that increase a sentence proportionately, so that a change of six levels upwards roughly doubles the sentence irrespective of the level at which one starts. U.S.S.G. § Ch. 1, Pt. A4(h), p.s. If the sentence increases disproportionately as it goes up, so, Wehr argues, it should decrease disproportionately as it goes down.

Second, the Commission permits the enhancement of sentences in such a way that an enhancement at the lower levels is a much greater percentage increase than enhancement at the higher levels.

Third, because of the provision directing an increase to fifteen in the case of counterfeiting obligations of the United States, it is possible to construct a scenario in which a counterfeiter of $120,000, or 24 times as much as Wehr counterfeited, will start with a base level of nine, receive seven points under § 2F1 because the loss is $120,000, accept responsibility and end up with an offense level of thirteen. It is not fair, Wehr contends, that this hypothetical counterfeiter should be at the same level as he is with his much smaller amount counterfeited.

■] Wehr casts his argument in terms of equal protection. We interpret it as a claim of due process, requiring rationality in the sentence. *Chapman v. United States,* 500 U.S. 453, 464–65, 111 S.Ct. 1919, 1927, 114 L.Ed.2d 524 (1991). We note that persons convicted of a crime do not constitute a class that is suspect in terms of constitutional deprivation. *Id.* Consequently, we look only to see if the sentencing scheme is rational.

It is apparent that a defendant who accepts responsibility for a more serious offense normally saves the government more trouble and expense. There is, consequently, a reason to provide a greater incentive for that person's prompt plea of guilty. The scheme of the Sentencing Commission is rational.

The anomalies alleged by Wehr are not persuasive. The first two are increases based on the severity or specific character of the crime and have no bearing on a scheme for awarding an incentive for acknowledgment of the crime. His third objection simply shows that in a system where the punishment increases with the magnitude of the offense it is possible for acceptance of responsibility to put the greater offender at the same level for sentencing as the smaller offender although this result leaves the greater offender liable under the Sentencing Table to a sentence of as much as 18 months, a sentence to which the greater offender could also be sentenced even if he received only the two-point reduction.

■ The claim that an element of disproportionality has entered the criminal justice system is not to be lightly dismissed. A large part of what is considered fair in criminal proceedings depends upon the proportionate response of the law to the criminal conduct found. But different schemes of proportionality may properly be taken into consideration in the construction of the Sentencing Guidelines. As this case illustrates, increases in the severity of punishment in proportion to the seriousness of the crime do not require the same proportions in decreasing punishment when responsibility is accepted.

Wehr committed a crime for which the maximum punishment is fifteen years imprisonment. He cannot complain of irrationality when he received twelve months and a day. The punishment is rational relative to the crime and the scheme of the Guidelines.

*U.S. v. Rubio–Topete,* 999 F.2d 1334, 1341 (9th Cir.1993).

**AFFIRMED.**

KOZINSKI, Circuit Judge, concurs in the result.