43 F.3d 1474
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Chester CARTER, Defendant/Appellant.
 No. 93-2619.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 14, 1994.*
Decided Dec. 20, 1994.
 
 Before BAUER, RIPPLE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Chester Carter appeals the district court's refusal to reduce his base offense level by an additional one point for acceptance of responsibility. See U.S.S.G. Sec. 3E1.1(b). We affirm in part and dismiss for lack of jurisdiction in part.
 
 
 2
 Carter pleaded guilty to knowingly and intentionally distributing cocaine in violation of 21 U.S.C. Sec. 841(a)(1) and knowingly acquiring and possessing United States Department of Agriculture Food Stamp Coupons in a manner not authorized by federal law in violation of 7 U.S.C. Sec. 2024(b). Before sentencing, Carter requested that the court reduce his offense level by an additional one point for acceptance of responsibility pursuant to Sec. 3E1.1(b) of the Sentencing Guidelines. The district court denied Carter's motion, only granting a two-level reduction under Sec. 3E1.1(a), and sentenced him to four months of imprisonment and three years of supervised release.[1]
 
 
 3
 Under Sec. 3E1.1(b), a defendant receiving a two-level reduction in offense level for acceptance of responsibility pursuant to Sec. 3E1.1(a) is eligible for an additional one-level reduction if the defendant's offense level is "16 or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct ..." U.S.S.G. Sec. 3E1.1(b). Carter does not dispute that his offense level was 13 and acknowledges that the Commentary to Sec. 3E1.1 states "[s]ubsection (b) does not apply, however, to a defendant whose offense level is 15 or lower prior to application of subsection (a)." This commentary section continues, stating that:
 
 
 4
 At offense level of 15 or lower, the reduction in a guideline range provided by a 2-level decrease in offense level under subsection (a) (which is a greater proportional reduction in the guideline range than at higher offense levels due to the structure of the Sentencing Table) is adequate for the court to take into account the factors set forth in subsection (b) within the applicable guideline range."
 
 
 5
 U.S.S.G. Sec. 3E1.1, comment. (n. 6). However, Carter argues that Sec. 3E1.1(b) violates his due process and equal protection rights because it allows the additional one-level reduction only to defendants whose offense level is 16 or greater.
 
 
 6
 Before reaching the merits of Carter's claim, however, we must address the government's argument that Carter does not have standing to challenge the constitutionality of Sec. 3E1.1(b) because if successful, his position would effectively void Sec. 3E1.1(b) thereby leaving only the possibility of a two-level reduction. The government reasons that because he would not benefit from the voiding of Sec. 3E1.1(b), Carter lacks standing to challenge it. This argument cannot succeed because to accept it would be to hold that Sec. 3E1.1(b) is beyond constitutional challenge. If we found the section unconstitutional, while Carter would not be eligible for the three-level reduction, he would not be subjected to an arbitrary sentencing scheme. As we shall see, however, that is not the case here. See Chapman v. United States, 500 U.S. 453, 465 (1991) (the court may impose punishment authorized by statute so long as penalty is not based on arbitrary distinction that would violate the Due Process Clause).
 
 
 7
 To succeed on his claim, cast both in due process and equal protection terms, Carter must show that there is no rational basis for the sentencing regulation. Chapman, 500 U.S. at 465; see Jones v. United States, 463 U.S. 354, 362 n. 10 (1983) (an argument based on equal protection essentially duplicates an argument based on due process). The Sentencing Commission's explanation provides a rational basis: proportionality. See U.S.S.G. Sec. 3E1.1, comment. (n. 6). We have held that the focus of a proportionality inquiry is whether the quantum of punishment in a specific case is proportionate to the crime for which the defendant has been convicted. United States v. Contreras, 937 F.2d 1191, 1195-96 (7th Cir.1991) (citing United States v. Marshall, 908 F.2d 1312 (7th Cir.1990) (en banc), aff'd sub nom. Chapman v. United States, 500 U.S. 453 (1991)) (noting that base offense levels, reflecting severity and scope of offense, link sentences to crime involved). Additionally, as the Ninth Circuit recently held, "[i]t is apparent that a defendant who accepts responsibility for a more serious offense normally saves the government more trouble and expense. There is, consequently, a reason to provide a greater incentive for that person's prompt plea of guilty." United States v. Wehr, 20 F.3d 1035, 1037 (9th Cir.1994). That court concluded that the Sentencing Commission's scheme was rational. We agree. Section 3E1.1(b) is not irrational or totally arbitrary, and we decline to find it unconstitutional.
 
 
 8
 Carter alternatively argued at sentencing that equity supported a downward departure. The district court declined the request, stating that the case was "not all that overwhelming." We have no jurisdiction to review a district court's discretionary refusal to depart downward from the Guidelines. United States v. Gio, 7 F.3d 1279, 1291 (7th Cir.1993). However, a district court's decision not to depart is reviewable if it is the "product of a conclusion that the judge lacks authority to depart." United States v. Poff, 926 F.2d 588, 590 (7th Cir.) (en banc), cert. denied, 112 S.Ct. 96 (1991). The government asserts that Carter has waived this argument by failing to present it to the district court. Carter's counsel stated:
 
 
 9
 Maybe your Honor could find some other way in the guidelines to find th[r]ough equity in this situation that presently exists which would permit you to come down to 10 which would make the defendant eligible for straight work release, if Your Honor would see fit, instead of having him to be confined for four months, which seems to serve to purpose.
 
 
 10
 Although less than specific, counsel's statement could be deemed a motion for a downward departure.
 
 
 11
 Carter asserts that the trial court erred in failing to depart downward and that the failure was the result of the judge's belief that he did not have the power to depart downward. After reviewing the sentencing transcript, we conclude that the court did not believe it was without power, but rather chose not to exercise its discretion, finding the facts "not all that overwhelming." The statements indicate that the district court was aware of its authority to depart but determined that such a departure was not warranted in this case. Thus we have no jurisdiction to review the district court's decision on appeal.
 
 
 12
 AFFIRMED in part and DISMISSED in part.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 We note that Carter has served his four-month sentence. We reach the merits of his claim because the additional point could have affected the length of supervised release imposed. See United States v. Jackson, 32 F.3d 1101, 1111 (7th Cir.1994); United States v. Swigert, 18 F.3d 443, 444 (7th Cir.1994); United States v. Eske, 925 F.2d 205, 206 n. 2 (7th Cir.1991) (for prison terms of one year or less, the sentencing judge has the discretion as to the period of supervised release)