RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0248P (6th Cir.)
File Name: 01a0248p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.                              No. 01-5025

MARK A. JILES,
    *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 00-20093—Bernice B. Donald, District Judge.

Submitted: April 27, 2001

Decided and Filed: July 31, 2001

Before: SILER and MOORE, Circuit Judges; STAGG,
District Judge.[*]

_____

**COUNSEL**

**ON BRIEF:** K. Jayaraman, Memphis, Tennessee, for
Appellant. Vivian R. Donelson, ASSISTANT UNITED
STATES ATTORNEY, Memphis, Tennessee, for Appellee.

_____

[*]The Honorable Tom Stagg, United States District Judge for the
Western District of Louisiana, sitting by designation.

1

## OPINION

KAREN NELSON MOORE, Circuit Judge.  On June 9, 2000, Defendant-Appellant, Mark A. Jiles ("Jiles"), was indicted by a federal grand jury for conspiring to commit the theft of a foreign shipment, aiding and abetting in the theft of a foreign shipment, theft of a foreign shipment, and possession of stolen property from a foreign shipment.  After accepting Jiles's plea agreement, the district court sentenced Jiles to a term of four months' imprisonment and three years of supervised release, with a condition of four months' home detention.   The district court also ordered Jiles to pay restitution in the amount of $10,000 and a special assessment of $100.

Jiles now appeals the district court's judgment, arguing that his constitutional rights to equal protection and due process were violated when he was denied a three-level reduction for acceptance of responsibility pursuant to § 3E1.1 of the United States Sentencing Guidelines "(U.S.S.G."), which allows a three-level reduction for acceptance of responsibility for a criminal defendant with an adjusted offense level of 16 or greater but only a two-level reduction for acceptance of responsibility for a criminal defendant with an adjusted offense level of 15 or lower.  For the reasons that follow, we **AFFIRM** the judgment of the district court.

## I.  BACKGROUND

During their work shift on December 9, 1999 at the Federal Express International Hub, Jiles and Tiffany Butler, who were then employees, diverted and opened a package of jewelry en route from Japan to Dubai.  After removing more than $232,000 worth of jewelry from the package, Jiles and Butler then developed and executed a scheme to move the jewelry out of their workplace without detection and split the jewelry between themselves.

States Sentencing Comm'n, Acceptance of Responsibility Working Group 2, 4, 32 (1991)) (noting that "'defendants convicted of more serious offenses tended to plead guilty less often than those convicted of less serious offenses'" and that "one of the four areas of concern for [the Sentencing Commission's Acceptance of Responsibility] working group was 'whether the guideline provides a significant enough offense level reduction, especially for defendants whose offense levels are relatively high'"). Likewise, because the adjusted offense levels of defendants are often linked to the seriousness of the defendants' crimes and the length and complexity of their trials, it was also rational for the Sentencing Commission to provide a greater incentive for these defendants to plead guilty so that the Government could be spared the trouble and expense of unnecessary, lengthy trials. *See, e.g., United States v. Carter*, No. 93-2619, 1994 WL 709328, at *2 (7th Cir. Dec. 20, 1994) (unpublished decision); *United States v. Wehr*, 20 F.3d 1035, 1037 (9th Cir. 1994).  In sum, we conclude that § 3E1.1 is rationally related to a legitimate governmental purpose. Therefore, we join the only two circuits to have addressed this issue in holding that the classifications in § 3E1.1 are not unconstitutional. *See, e.g., Carter*, 1994 WL 709328, at *2; *Wehr*, 20 F.3d at 1037.

## III.  CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

would be for a defendant who has an adjusted offense level of 16 or greater because of the structure of the Sentencing Table.

The fact that, under some circumstances, § 3E1.1 may place a defendant who has an adjusted offense level of 16 and receives a three-level reduction in the same sentencing guideline range as a defendant who has an adjusted offense level of 15 and receives a two-level reduction does not make § 3E1.1 arbitrary or irrational. *See Chapman*, 500 U.S. at 467 ("That distributors of varying degrees of culpability might be subject to the same sentence does not mean that the penalty system for LSD distribution is unconstitutional."). This anomalous result would occur at any point where the line was drawn under § 3E1.1.

Moreover, this result is consistent with the Sentencing Commission's rationale for differentiating between a criminal defendant who has an adjusted offense level of 16 or greater and one who has an adjusted offense level of 15 or lower. Although the Sentencing Commission wished to have offense "levels work to increase a sentence proportionately" and wanted to preserve some discretion for the district court in sentencing, it also wished to "discourage unnecessary litigation" and to conserve judicial resources. UNITED STATES SENTENCING COMMISSION, GUIDELINES MANUAL 10 (2000) ("By overlapping the ranges, the [sentencing] table should discourage unnecessary litigation. Both prosecution and defense will realize that the difference between one level and another will not necessarily make a difference in the sentence the court imposes."). Because a criminal defendant's potential term of imprisonment increases as his adjusted offense level increases, it was clearly rational for the Sentencing Commission to use a higher potential reduction for acceptance of responsibility as a means of encouraging criminal defendants with high adjusted offense levels to plead guilty instead of pursuing needless litigation. *See* Michael M. O'Hear, *Remorse, Cooperation, and "Acceptance of Responsibility": The Structure, Implementation, and Reform of Section 3E1.1 of the Federal Sentencing Guidelines*, 91 NW. U. L. REV. 1507, 1516 n.34 (1997) (citing UNITED

After being approached and questioned by the authorities on two separate occasions, Jiles confessed to his crimes and later entered into a plea agreement with the Government. Thereafter, a pre-sentence investigation report ("PSR") for Jiles was ordered. The PSR, which included a two-level increase under § 2B1.1(b)(4) for more than minimal planning, listed Jiles's adjusted offense level as 16. The PSR also recommended a three-level reduction for acceptance of responsibility under § 3E1.1, making Jiles's recommended total offense level in the PSR a level of 13.

At sentencing, Jiles contested several recommendations in the PSR, including the two-level increase for more than minimal planning under § 2B1.1(b)(4), and moved for a three-level reduction under § 3B1.2 due to his alleged mitigating role in the offense. Jiles also requested that the district court depart downward and sentence him to probation because he had no previous criminal record (even as a juvenile), was gainfully employed, would lose his job as a result of incarceration, had manifested extraordinary rehabilitative traits, and was responsible for financially supporting two young children.

Although the district court denied Jiles's request for a three-level reduction under § 3B1.2 and refused to depart downward based upon Jiles's employment, post-rehabilitation conduct, and family situation, it sustained Jiles's challenge to the two-level increase for more than minimal planning and departed downward one level because it found Jiles's criminal behavior to be an aberration. Following these rulings, the district court computed Jiles's adjusted offense level to be 13, and then reduced Jiles's offense level by an additional two levels for acceptance of responsibility, making Jiles's total offense level 11. The district court then sentenced Jiles accordingly.

Before adjournment of the sentencing hearing but after the sentence was imposed, Jiles raised, for the first time, a constitutional challenge to the district court's grant of a two-level reduction for acceptance of responsibility. Jiles argued

that the disparity under the sentencing guidelines between the three-level reduction available for a criminal defendant with an adjusted offense level of 16 or greater and the two-level reduction available for a criminal defendant with an adjusted offense level or 15 or lower violated his rights to equal protection and due process. Based on this challenge, Jiles requested a three-level reduction for acceptance of responsibility. The district court denied the request, noting that the sentencing guidelines did not permit a three-level reduction for defendants with Jiles's adjusted offense level.

## II. ANALYSIS

Jiles argues that the district court violated his constitutional rights to equal protection and due process by denying his motion for a three-level reduction for acceptance of responsibility pursuant to § 3E1.1. We review de novo a district court's interpretation and application of a statute or guideline provision. *United States v. Barton*, 100 F.3d 43, 44 (6th Cir. 1996); *United States v. Adu*, 82 F.3d 119, 124 (6th Cir. 1996).

In reviewing Jiles's claims, we conclude that Jiles failed to show that the district court's application of § 3E1.1 violated his rights to equal protection and due process. In *Chapman v. United States*, 500 U.S. 453 (1991), the Supreme Court explained that equal protection challenges to sentencing schemes are essentially the same as challenges based upon due process and noted that challenged sentencing schemes must be upheld so long as they are not based on arbitrary or irrational distinctions that violate the Due Process Clause of the Fifth Amendment. *Id.* at 465. The Supreme Court has also explained that commentary statements in the Guidelines that interpret or explain a guideline are authoritative unless they violate the Constitution, or are inconsistent with or a plainly erroneous reading of the guideline. *Stinson v. United States*, 508 U.S. 36, 38 (1993). In this case, § 3E1.1 is accompanied by background commentary that provides the Sentencing Commission's reason for differentiating between a criminal defendant who has an adjusted offense level of 16

or greater and one who has an adjusted offense level of 15 or lower. Section 3E1.1 explains:

> Subsection (a) provides a 2-level decrease in offense level. Subsection (b) provides an additional 1-level decrease for a defendant at offense level 16 or greater prior to operation of subsection (a) who both qualifies for a decrease under subsection (a) and has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the steps specified in subsection (b). *Such a defendant has accepted responsibility in a way that ensures the certainty of his just punishment in a timely manner, thereby appropriately meriting an additional reduction.* Subsection (b) does not apply, however, to a defendant whose offense level is 15 or lower prior to application of subsection (a). *At offense level 15 or lower, the reduction in the guideline range provided by a 2-level decrease in offense level under subsection (a) (which is a greater proportional reduction in the guideline range than at higher offense levels due to the structure of the Sentencing Table) is adequate for the court to take into account the factors set forth in subsection (b) within the applicable guideline range.*

U.S.S.G. § 3E1.1 background cmt. (2000) (emphasis added).

In our view, the Sentencing Commission's rationale for its classifications in subsection (a) and (b) of § 3E1.1, proportionality, is neither in violation of the Constitution nor inconsistent with the purposes of § 3E1.1. This circuit has consistently recognized, although in different contexts, the Sentencing Commission's goal of achieving "proportionality in sentencing through a system that imposes appropriately different sentences for criminal conduct of differing severity," *see, e.g., United States v. Farrow*, 198 F.3d 179, 193 (6th Cir. 1999) (quotation omitted). It is undeniable that a two-level reduction for a defendant who has an adjusted offense level of 15 or lower is greater proportionally than a similar reduction