NOT RECOMMENDED FOR FULL TEXT PUBLICATION
File Name: 09a0771n.06

No. 07-4338

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Dec 08, 2009**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF OHIO |
| Michael Janosko, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:  KENNEDY, MOORE, and WHITE, Circuit Judges.

**CORNELIA G. KENNEDY, Circuit Judge.**  Defendant was sentenced to a prison term of 180 months following his guilty plea to three counts involving child pornography.  On appeal, defendant challenges his sentence by arguing that (1) the district court should have categorically rejected the guidelines because it is inherently excessive in child pornography cases; (2) that the district court erroneously believed that the guidelines were mandatory; and (3) his sentence is substantively unreasonable.  For the reasons that follow, we **AFFIRM** his sentence.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant's home was searched on February 24, 2006, and agents found 1,370 image files and 201 movie files that contained child pornography.  Defendant admitted to trading 80 videos and hundreds of images containing child pornography.   He pleaded guilty to two counts of receipt and distribution of child pornography, 18 U.S.C. §§ 2252(a)(2) & 2252A(a)(2), and one count of possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B).

The defendant was sentenced on October 25, 2007. Using the 2006 Guidelines Manual, the district court assigned the defendant a base offense level of 22. USSG § 2G2.2(a)(2). A total of 18 points were added based on the specific offense conduct. Two points were added under USSG § 2G2.2(b)(2) because the images contained prepubescent minors or minors under twelve years of age. Two more were added because the defendant used a computer to possess and receive the material. USSG § 2G2.2(b)(6). Four points were added because the material portrayed sadistic or masochistic conduct or other depictions of violence. USSG § 2G2.2(b)(4). Because defendant traded photographs in exchange for new photographs, the district court added 5 levels under USSG § 2G2.2(b)(3)(B). Finally, because the offense involved the equivalent of over 15,000 images, 5 levels were added under USSG § 2G2.2(b)(7)(D). This netted an offense level of 40, which was reduced by 3 points to 37 for the defendant's acceptance of responsibility. USSG § 3E1.1(a) & (b). Defendant had no prior criminal convictions, which placed him in Criminal History Category I. The guidelines recommend a sentence of 210-262 months for a person with an offense level of 37 in Criminal History Category I.

At sentencing, the district court imposed a sentence of 180 months on counts one and two, and 120 months on count three, to be served concurrently, giving the following explanation for the difference from the guidelines:

> What I do have to say is that it -- the difference I'm going to make in your case I feel is warranted, not unwarranted. And it's not a great difference. It's not a difference that's going to make a huge amount of difference to you, but it is a recognition that you brought to this situation, something that happened to you as a child, which you had no control over whatsoever, and which marked you for a period of time in which you still have to work to recover from. So I think the way that I do this is by giving you a sentence that seems to me to be a variance that puts you in the right range, given all the things we know here. And it's through 3553 that I'm going

2

to do it, and I'm doing it for the reason of your personal history as a young child of having been sexually assaulted by a father or sexually abused by a father.

So I'm going to take you down to a term of 15 years, and that's not a long way down. It's a hard sentence to serve. So I think that meets the need for the sentence imposed in your history and characteristics and the kinds of sentences available and any sentencing disparities.

Defendant filed a timely appeal to his sentence.

## II. DISCUSSION

### A. Standard of Review

"A district court's sentencing determination is reviewed 'under a deferential abuse-of-discretion standard' for reasonableness, which has both a procedural and a substantive component." *United States v. O'Georgia*, 569 F.3d 281, 287 (6th Cir. 2009) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). "[W]hen reviewing a district court's sentencing determination, we must 'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.'" *United States v. Wynn*, 579 F.3d 567, 570 (6th Cir. 2009) (quoting *Gall*, 552 U.S. at 51). "If the sentence is procedurally sound, we then must consider 'the substantive reasonableness of the sentence imposed.'" *United States v. Baker*, 559 F.3d 443, 448 (6th Cir. 2009) (quoting *Gall*, 552 U.S. at 51). "A sentence is substantively unreasonable if the district court 'selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor.'" *Id.* (quoting *United States v. Vonner*, 516 F.3d 382, 389-90 (6th Cir. 2008) (en banc)). The defendant raises claims of both procedural and substantive unreasonableness.

**B. Consideration of the guideline range**

The defendant first complains that the district court improperly considered the sentence range recommended by the now-advisory guidelines because the guidelines section applicable to his case is unreasonable. The defendant argues that the guidelines in child pornography cases are arbitrary because they call for enhancements in virtually every case and routinely recommend an excessive term of incarceration. The defendant points out that district courts across the nation have concluded that the sentencing guidelines applicable to child pornography offenses are excessive and ill-conceived. *See United States v. McElheney*, 630 F. Supp. 2d 886 (E.D. Tenn. 2009); *United States v. Baird*, 580 F. Supp. 2d 889 (D. Neb. 2008); *United States v. Stern*, 590 F. Supp. 2d 945 (N.D. Ohio 2008); *United States v. Hanson*, 561 F. Supp. 2d 1004 (E.D. Wis. 2008). *Contra United States v. Fiorella*, 602 F. Supp. 2d 1057, 1074 (N.D. Iowa 2009). Based on the flaw in USSG § 2G2.2, the defendant reasons, the district court should not have taken the guidelines into account in this case.

Of course, the district court must at least consider the sentencing guidelines. 18 U.S.C. § 3553(a)(4)(A); *United States v. Booker*, 543 U.S. 220, 245 (2005) (holding that the sentencing statute still "requires a sentencing court to consider Guidelines ranges"); *United States v. Warman*, 578 F.3d 320, 350 (6th Cir. 2009) (noting that "a sentence is unreasonable when the district court fails to 'consider' the applicable Guidelines range" (internal quotations omitted)). The defendant does not argue that there exists some constitutional infirmity in the guidelines, *see Chapman v. United States*, 500 U.S. 453, 465 (1991); *United States v. Jiles*, 259 F.3d 477, 480 (6th Cir. 2001), or that there is "a direct facial conflict between the substance of the Commission's promulgated Guidelines commentary and the sentencing parameters set forth by federal statute," *see United States v. Martin*,

438 F.3d 621, 629 (6th Cir. 2006). Instead, the defendant only contends that the guidelines are ill-conceived. It is true that sentencing courts may disagree with, and therefore not follow, a guidelines range or method of calculation perceived to be arbitrary or excessive. *See, e.g.*, *Spears v. United States*, 129 S. Ct. 840 (2009); *Kimbrough v. United States*, 552 U.S. 85, 91, 108-110 (2007); *United States v. Herrera-Zuniga*, 571 F.3d 568, 586 (6th Cir. 2009) (holding that district court could reject guidelines provision for policy reasons, such as "on the grounds that the base offense level prescribed . . . was arbitrary and out of balance with Congress' determination of the seriousness of this type of offense"). Although district courts may choose to reject guideline sentences for child-pornography offenses simply due to policy disagreements with those guidelines, district courts are not required to do so. *United States v. Mikowski*, 332 F. App'x 250, 256 (6th Cir. 2009); *United States v. Huffstatler*, 571 F.3d 620, 624 (7th Cir. 2009) ("[W]hile district courts perhaps have the freedom to sentence below the child-pornography guidelines based on disagreement with the guidelines, as with the crack guidelines, they are certainly not required to do so"); *United States v. O'Connor*, 567 F.3d 395, 398 (8th Cir. 2009); *see also United States v. Mondragon-Santiago*, 564 F.3d 357, 367 (5th Cir. 2009) ("In appropriate cases, district courts certainly may disagree with the Guidelines for policy reasons and may adjust a sentence accordingly. But if they do not, we will not second-guess their decisions under a more lenient standard simply because the particular Guideline is not empirically-based."). The defendant's argument falters at this stage because the decision as to the soundness of the guidelines range is vested in the district court, not the appellate court. *Vonner*, 516 F.3d at 392 (stating that "one theme" runs through *Booker* and its progeny: "*Booker* empowered *district courts*, not appellate courts and not the Sentencing Commission" (emphasis added)). "[I]t is not our job to wear 'the district judge's robe.'" *United States v. Stall*, 581 F.3d 276,

286 (6th Cir. 2009) (quoting *United States v. Whitehead*, 532 F.3d 991, 993 (9th Cir. 2008)). Under our deferential review, we find no abuse of discretion in the district court's consideration of the sentencing guidelines here.

## C. Treating the guidelines as mandatory

Even if the district court did not err by considering, and not summarily rejecting, the guidelines score, the defendant argues that the district court gave undue weight to the guidelines because it treated them as mandatory. "In order for a defendant's sentence to be procedurally reasonable, the district court cannot presume that the sentencing range recommended under the Guidelines is mandatory or even reasonable." *Herrera-Zuniga*, 571 F.3d at 582 (citing *Gall*, 552 U.S. at 49-50).

In support of his argument, the defendant relies on the district court's comment that there was "some room" to argue that the guidelines range should not be followed under 18 U.S.C. § 3553. The defendant also points to the district court's reasoning that the statutory factors of punishment reflecting the seriousness of the crime, deterrence, and need to avoid unwarranted sentencing disparities were met by following the guidelines range, as modified. The defendant also contends that by simply pointing to the guidelines range, the district court failed to make an "individualized assessment" of the circumstances of the defendant's case.

None of the defendant's citations to the record show that the district court treated the guidelines as mandatory. Rather than demonstrating that the district court mechanistically followed the guidelines, the record instead reflects that the district court considered the defendant's circumstances in great detail, and found that the factors of section 3553 aligned with the guidelines in several ways. Finding that an appropriate sentence under section 3553 falls within the guidelines

6

range is not inherently suspect, *see Kimbrough*, 552 U.S. at 109 (noting that "the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" (quoting *Rita v. United States*, 551 U.S. 338, 350 (2007)), and the district court did not need to provide a greater explanation than it did to convince us that it understood the advisory nature of the guidelines. *See United States v. Jeross*, 521 F.3d 562, 585 (6th Cir. 2008). In fact, the district court imposed a sentence below the range recommended by the guidelines. The court described the difference as a "variance," which is not authorized by the guidelines, rather than a departure, which is allowed under the guidelines, further suggesting that it understood that the guidelines were not mandatory. *See Irizarry v. United States*, 128 S. Ct. 2198, 2202-03 (2008) (describing the difference between a variance and a departure). The defendant has not shown any procedural error committed by the district court.

## D. Substantive reasonableness

In his third and fourth arguments, the defendant contends that his sentence is substantively unreasonable because a fifteen-year sentence is longer than that called for by the factors in 18 U.S.C. § 3553(a). We review "'all sentences . . . under a deferential abuse-of-discretion standard.'" *Gall*, 552 U.S. at 41. "Regardless of whether we would have imposed the same sentence, we must afford due deference to the district court's decision to determine the appropriate length of the defendant's sentence, so long as it is justified in light of the relevant § 3553(a) factors." *Herrera-Zuniga*, 571 F.3d at 591.

Although our standard of review is the same regardless of whether the sentence is within the guidelines or not, *Gall*, 552 U.S. at 51, this court has chosen to "grant[] a presumption of substantive reasonableness to sentences within the advisory Guidelines range," *United States v. Brown*, 579 F.3d

7

672, 677 (6th Cir. 2009) (citing *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006)). And it follows as a matter of "simple logic" that if we presume a sentence within the advisory guidelines range is reasonable, then a "defendant's task of persuading us that the more lenient sentence of [a below guidelines sentence] is unreasonably long is even more demanding." *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008).

The defendant argues that two factors in particular require the imposition of a lower sentence than that imposed. First, the defendant argues that he posed little danger to the community in the future. *See* 18 U.S.C. § 3553(a)(2)(C). In support, he relies on a report by Gerald Heinbaugh, a licensed counselor, that found he was a low risk of recidivism (six percent chance after five years, and seven percent after ten years) based on the Sex Offender Treatment Needs and Progress Scale. The district court rejected this argument, stating, "To afford adequate deterrence to criminal conduct as part of the same thing, to protect the public from further crimes by you. And I'm still concerned about that, although you've made progress in that area. But, I'm still concerned about it because of the profile you presented to us." The district court was free to reach its own conclusion about defendant's danger to the community based on the circumstances of the offense and the district court's years of experience monitoring individuals on parole and supervised release. The district court's consideration of this factor falls comfortably within its discretion.

The defendant also argues that his sentence caused disparities between his sentence and those given to other defendants in similar circumstances in the Sixth Circuit and nationally. This argument "is without merit – the fact that a judge in an unrelated case found a specific individual deserving of a downward departure does not mean that the judge in this case plainly erred by sentencing [the defendant] within the Guidelines after considering the nature of his crime and his personal

characteristics." *United States v. Lapsins*, 570 F.3d 758, 774 (6th Cir. 2009).  The sentence imposed is substantively reasonable.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM**.