**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0634n.06

No. 12-3235

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Jul 08, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| JONATHAN WALTMAN, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: KEITH, WHITE, and STRANCH, Circuit Judges.

PER CURIAM. Jonathan Waltman appeals from the district court's judgment entered after his guilty plea to attempted transportation of a minor with intent to engage in criminal sexual activity and attempted travel with intent to engage in illicit sexual conduct. As set forth below, we affirm.

Following his arrest through a child exploitation undercover operation, Waltman pleaded guilty to a two-count indictment charging him with: (1) attempting to transport an eight-year-old girl in foreign commerce from Canada to Michigan with the intent that such girl engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a) and (e), and (2) attempting to travel in interstate commerce from Ohio to Michigan for the purpose of engaging in illicit sexual conduct with an eight-year-old girl, in violation of 18 U.S.C. § 2423(b) and (e). (R. 15, Indictment, Page ID # 36–37; R. 32, Guilty Plea, Page ID # 112). The district court calculated Waltman's total offense level as 35

and his criminal history category as V, resulting in a guidelines range of 262 to 327 months' imprisonment. (Presentence Report 24; R. 42, Sentencing Tr., Page ID # 204). The court sentenced Waltman to concurrent terms of 294 months' imprisonment and 25 years of supervised release. (R. 35, Judgment, Page ID # 139–40).

This timely appeal followed. Waltman contends that: (1) the district court violated Federal Rule of Criminal Procedure 11(b)(3) by entering judgment on the attempted transportation charge in the absence of a factual basis to support his guilty plea to that charge and (2) his 294-month sentence is procedurally and substantively unreasonable.

Waltman first argues that his guilty plea to the attempted transportation charge lacked a factual basis as required by Rule 11(b)(3). Waltman consented to the receipt of his guilty plea by a magistrate judge. (R. 28, Consent to Order of Referral, Page ID # 79–80). Following the plea hearing, the magistrate judge issued a report stating in relevant part that the parties provided "sufficient information about the charged offense(s) and the Defendant's conduct to establish a factual basis for the plea" and recommending that the district court accept Waltman's guilty plea. (R. 29, Report & Recommendation, Page ID # 81). Despite the magistrate judge's warning that failure to file objections might waive the right to appeal, Waltman did not object to the magistrate judge's report and recommendation, which the district court adopted. (R. 29, Report & Recommendation, Page ID # 82; R. 31, Order Accepting Plea, Page ID # 109). By failing to file objections to the magistrate judge's report and recommendation, after being advised to do so, Waltman waived his right to appeal the finding of a sufficient factual basis to support his guilty plea

to the attempted transportation charge. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).

Even if Waltman did not waive his right to appeal, the district court had a factual basis to enter judgment on his guilty plea to the attempted transportation charge. Because Waltman did not raise any alleged Rule 11(b)(3) violation below, we review for plain error. *See United States v. Mobley*, 618 F.3d 539, 544 (6th Cir. 2010). "In reviewing whether a district court had a factual basis for a plea, . . . we may examine the entire record, including proceedings that occurred *after* the plea colloquy." *Id*. at 545 (internal quotation marks omitted).

"Pursuant to 18 U.S.C. § 2423(a), the government must prove that the defendant: (1) knowingly transported a minor across state lines, (2) with the intent to engage in sexual activity with the minor, and (3) that the minor was under eighteen at the time of the offense." *United States v. Chambers*, 441 F.3d 438, 450 (6th Cir. 2006). Section 2423(e) provides that "[w]hoever attempts or conspires to violate subsection (a), (b), (c), or (d) shall be punishable in the same manner as a completed violation of that subsection." 18 U.S.C. § 2423(e). "Criminal attempt requires that the defendant intended to commit the crime and that the defendant took a substantial step towards committing the crime, beyond mere preparation." *United States v. Evans*, 699 F.3d 858, 867 (6th Cir. 2012).

The parties stipulated to the following facts set forth in the "guilty plea" statement and read into the record during the plea hearing:

> On June 15, 2010, Defendant communicated via email with an undercover ICE agent, located in the Northern District of Ohio. The ICE agent pretended to operate a website offering "international travel" from Cleveland, Ohio, to Canada for the

purpose of engaging in sexually explicit conduct with minors. Defendant expressed an interest in utilizing the services of aforementioned website, and traveling from his home to engage in sexual conduct with a minor. Between June 15, 2010 and July 23, 2010, Defendant and the undercover ICE agent exchanged numerous emails negotiating the terms of Defendant's trip. Defendant indicated an inability to cross an international border. The undercover agent agreed to transport the child from Canada to Detroit, Michigan for the purpose of Defendant engaging in sexual conduct with the child. The undercover ICE agent provided Defendant with a catalog of fictitious children. Defendant selected a child purported to be an 8 year-old girl and indicated his desire to engage in illicit sexual conduct with the child, conduct for which he could have been charged with a criminal offense. Defendant agreed to pay to engage in sexual activity with the 8 year-old girl. On July 16, 2010, the undercover ICE agent received a $100.00 deposit via U.S. Mail, from Defendant. On July 25, 2010, Defendant traveled from his home in Nashport, Ohio to North Olmstead, Ohio, where he met an undercover ICE agent, who he thought was going to transport him to Detroit[,] Michigan. Defendant provided the undercover agent with $1,000.00 as the balance of his payment. Thereafter, defendant was arrested.

(R. 32, Guilty Plea, Page ID # 114–15; R. 30, Plea Tr., Page ID # 102–04).

Waltman contends that his conduct is adequately covered by his guilty plea to the travel count under 18 U.S.C. § 2423(b), and his travel within Ohio did not constitute a substantial step toward committing the transportation offense. *See* 18 U.S.C. § 2423(a). Waltman ignores facts demonstrating that he took substantial steps toward transporting a fictitious minor from Canada into the United States. *See United States v. Goodwin*, — F.3d —, 2013 WL 2301842, *2–3 (8th Cir. May 28, 2013). In his emails to the undercover agent, which were quoted in the presentence report and read by the district court during the sentencing hearing, Waltman himself proposed meeting in the United States because his prior felony conviction for a sex offense prevented him from traveling to Canada. (Presentence Report 5–6; R. 42, Sentencing Tr., Page ID # 170–71). The undercover agent agreed to bring the minor of Waltman's choice from Canada to Detroit and advised him that payment of a $100 deposit was a condition precedent to transporting the minor to the United States: "we will

not bring down from Canada until we receive from you the deposit." (Presentence Report 8; R. 42, Sentencing Tr., Page ID # 175). Waltman chose an eight-year old girl from a catalog of potential minors provided to him by the undercover agent and sent the necessary $100 deposit. By completing these acts, Waltman took substantial steps toward completing the transportation offense. When Waltman paid the balance of $1,000 to the undercover agent and got into the car in Ohio, Waltman believed the minor had already been transported into the United States from Canada and was waiting for him in Detroit. Thus, "the degree of direction and control exercised by the defendant really did amount to more than inducement." *United States v. Jones*, 909 F.2d 533, 541 (D.C. Cir. 1990); *Goodwin*, 2013 WL 2301842, *2–3. Accordingly, a sufficient factual basis existed to support the entry of judgment on Waltman's guilty plea to the attempted transportation charge.

Waltman challenges his 294-month sentence as procedurally and substantively unreasonable. We review the district court's sentencing determination for procedural and substantive reasonableness under a deferential abuse-of-discretion standard. *United States v. Battaglia*, 624 F.3d 348, 350 (6th Cir. 2010).

We must first ensure that "the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). Although Waltman did not raise some of his procedural arguments below, we are not limited to plain-error review because the district court's question at the conclusion of the sentencing hearing — "Anything further?" — did not satisfy the rule established in *United States v. Bostic*, 371 F.3d

865, 872–73 (6th Cir. 2004). *See United States v. Thomas*, 498 F.3d 336, 340 (6th Cir. 2007). (R. 42, Sentencing Tr., Page ID # 210). We therefore review the district court's factual findings for clear error and its legal interpretations of the guidelines *de novo*. *See United States v. Freeman*, 640 F.3d 180, 186 (6th Cir. 2011).

Waltman first argues that the district court erred in applying a base offense level of 28 under USSG § 2G1.3(a)(3) because his guilty plea to the attempted transportation charge lacked a sufficient factual basis. As discussed above, the district court had a factual basis to support the attempted transportation charge and therefore properly started the sentence calculation with a base offense level of 28.

Waltman next contends that the district court erred in declining to apply a 3-level reduction for attempt under USSG § 2X1.1(b)(1), which provides:

> If an attempt, decrease by **3** levels, unless the defendant completed all the acts the defendant believed necessary for successful completion of the substantive offense or the circumstances demonstrate that the defendant was about to complete all such acts but for apprehension or interruption by some similar event beyond the defendant's control.

USSG § 2X1.1(b)(1). According to Waltman, there was no factual basis for finding that he completed all the acts which he believed necessary for transporting a minor across the Canadian border or was about to complete the necessary acts but for his arrest in Ohio. Waltman's payment of the $100 deposit to ensure the minor's transportation from Canada to the United States demonstrates that he completed all the acts he believed necessary for successful completion of the minor's transportation. (Presentence Report 8; R. 42, Sentencing Tr., Page ID # 175). In addition, Waltman committed the acts he thought necessary for completion of the travel offense by entering

the agent's vehicle with the expectation that the agent would take him to Detroit. The district court did not err in declining to apply the 3-level reduction for attempt.

Waltman argues that the district court erred in applying an 8-level increase for an offense involving "a minor who had not attained the age of 12 years," pursuant to USSG § 2G1.3(b)(5). According to Waltman, this enhancement is limited to crimes involving an actual victim. The commentary to USSG § 2G1.3 specifically defines "minor" as including "an individual, *whether fictitious or not*, who a law enforcement officer represented to a participant (i) had not attained the age of 18 years, and (ii) could be provided for the purposes of engaging in sexually explicit conduct." USSG § 2G1.3, comment. (n.1) (emphasis added). Waltman's argument is without merit.

Waltman also contends that the district court erred in classifying him as a repeat and dangerous sex offender against minors pursuant to USSG § 4B1.5, which resulted in an overstated criminal history category. USSG § 4B1.5 provides for a criminal history category of V if the instant offense of conviction is "a covered sex crime" and the defendant has a prior "sex offense conviction." USSG § 4B1.5(a). Waltman does not dispute that his instant offenses qualify as covered sex crimes, but argues that his prior Ohio conviction for attempted gross sexual imposition does not constitute a sex offense conviction. The commentary to USSG § 4B1.5 defines "sex offense conviction" in part as "any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B)." USSG § 4B1.5, comment. (n.3(A)(ii)(I)). Under 18 U.S.C. § 2426(b)(1)(B), a "prior sex offense conviction" includes an offense under state law "consisting of conduct that would have been an offense under [chapter 109A] if the conduct had occurred within the special maritime and territorial jurisdiction of the United States." This court has previously held that abusive sexual contact

involving a child under 12 is the federal equivalent to gross sexual imposition under Ohio law. *United States v. Dattilio*, 442 F. App'x 187, 191 (6th Cir.) (citing the nearly identical definitions of "sexual contact" under federal and Ohio law), *cert. denied*, 132 S. Ct. 785 (2011). According to Waltman, his prior Ohio conviction for attempted gross sexual imposition does not constitute a sex offense conviction because the definition of "sex offense conviction" does not specify attempts. That definition, however, incorporates the offenses under chapter 109A, which include attempts. *See* 18 U.S.C. §§ 2243(a), 2244(a)(3). The district court properly classified Waltman as a repeat and dangerous sex offender against minors.

As his final procedural argument, Waltman asserts that the district court failed to meaningfully consider his arguments for a downward variance based on his age of 24 years old at the time of the offense and the need to avoid an unwarranted sentencing disparity where his case did not involve a real minor or actual sexual abuse. The district court stated that it was considering Waltman's history and characteristics and noted that "the conduct goes back quite a long way," implicitly rejecting his relative youth argument. (R. 42, Sentencing Tr., Page ID # 201–02). *See United States v. Chiolo*, 643 F.3d 177, 183–84 (6th Cir. 2011). While the district court should consider "the need to avoid unwarranted sentence disparities among defendants with *similar* records who have been found guilty of *similar* conduct," 18 U.S.C. § 3553(a)(6) (emphasis added), Waltman merely cited sentencing statistics for federal offenders convicted of sexual abuse offenses, without accounting for the particular circumstances of his case. Moreover, we have held that avoiding unwarranted sentence disparities is an "unconventional ground for challenging a *within-guidelines* sentence," such as Waltman's 294-month sentence. *United States v. Swafford*, 639 F.3d 265, 270

(6th Cir.), *cert. denied*, 132 S. Ct. 320 (2011) ("The point of the guidelines is to decrease sentencing disparities, an objective *furthered* by a within-guidelines sentence, as opposed to a sentence that varies above or below the advisory guidelines range."). The record reflects that the district court conducted "a meaningful sentencing hearing," considered Waltman's arguments, and "fulfilled its procedural duties." *United States v. Gunter*, 620 F.3d 642, 646–47 (6th Cir. 2010); *see Rita v. United States*, 551 U.S. 338, 356 (2007).

A procedurally reasonable sentence "may be substantively unreasonable if the district court chooses the sentence arbitrarily, grounds the sentence on impermissible factors, or unreasonably weighs a pertinent factor." *United States v. Brooks*, 628 F.3d 791, 796 (6th Cir.), *cert. denied*, 131 S. Ct. 3077 (2011). We afford Waltman's within-guidelines sentence a rebuttable presumption of substantive reasonableness. *Id.* Waltman argues that his sentence is substantively unreasonable because the district court failed to consider pertinent factors such as his relative youth, the undercover agent's improper investigative techniques, and the need to avoid unwarranted sentencing disparities. For the reasons discussed above, Waltman's arguments regarding his relative youth and unwarranted sentencing disparities lack merit. Waltman contends that the undercover agent should have ended negotiations when Waltman informed the agent that his prior felony conviction prevented him from traveling to Canada. Waltman, not the agent, proposed meeting in the United States. (Presentence Report 5–6; R. 42, Sentencing Tr., Page ID # 170–71). Waltman has failed to rebut the presumption that his within-guidelines sentence is substantively reasonable.

For the foregoing reasons, we affirm the district court's judgment.