NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 11a0149n.06

No. 08-5833

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOHNNY R. BURNETTE,

    Defendant-Appellant.

_____/

**FILED**

**Mar 16, 2011**

LEONARD GREEN, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

BEFORE:    DAUGHTREY, CLAY and WHITE, Circuit Judges.

**CLAY, Circuit Judge.** Defendant Johnny Burnette appeals his within-Guidelines sentence of lifetime supervised release, entered by the district court on June 20, 2008, for receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A). Defendant argues that the district court's sentence was both procedurally and substantively unreasonable.

For the reasons set forth below, we **AFFIRM** the district court's decision.

**BACKGROUND**

In 2006, police received information that Johnny Rae Burnette ("Burnette") had received child pornography through the internet.[1] On July 20, 2006, Burnette consented to a search of his

_____

[1] In his Presentencing Report, Defendant advises that the correct spelling of his surname is "Burnett." Nonetheless, as all court documents use the spelling "Burnette," for the purposes of continuity so too will this opinion.

residence. During the search police identified two computers belonging to Burnette, which they seized along with a number of other items.

Upon forensic examination of the computers, police discovered thirty-two videos depicting pre-pubescent children, some as young as four years old; twenty-two of the videos contained depictions of children involved in sexual acts, including sexual acts with adults. Police also discovered 153 thumbnail images of child pornography. It appears from the forensic examination that all of the images, and the majority of the videos, were downloaded from the internet on June 27, 2006.

Burnette was charged with receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2)(A), to which he pleaded guilty pursuant to a plea agreement. Under the Sentencing Guidelines ("Guidelines" or "U.S.S.G"), Burnette's base offense level was calculated at 22 with a criminal history category of I. His sentence was enhanced by five levels for being in possession of more than 600 images, two levels for possessing images depicting pre-pubescent children, two levels for using a computer to possess the images, and an additional four levels for possessing images depicting sadistic conduct.[2] Because he was in receipt of child pornography, but there was no intention to distribute, he received a two level reduction. He also received a three level reduction for accepting responsibility for the crime. Therefore, Burnette's adjusted base offense level was calculated at 30, which produced a Guidelines range of 97 to 121 months of imprisonment. Burnette

---

[2]Each video was counted at 75 images, pursuant to the Guidelines. Some videos contained depictions of children engaged in sexual acts with adults, and at least one image depicted a child with bound hands.

was also subject to a statutory minimum sentence of 60 months of imprisonment, pursuant to 18 U.S.C. § 2252A(b)(1).

In addition, the imposition of any term of supervised release, up to life, was authorized under 18 U.S.C. § 3583(k). A term of supervised release up to life was also prescribed by the Guidelines, under U.S.S.G § 5D1.2, for sexual offenses.[3]

As part of his plea agreement, Burnette recognized that "the Court may impose any lawful term of supervised release." Burnette's Presentence Investigation Report ("PSR") also stated that he was subject to a term of supervised release of two years to life. At sentencing, Burnette raised no objections to any aspect of the PSR. On June 5, 2008, Burnette was sentenced to 97 months of incarceration followed by a life term of supervised release.

Burnette then filed this timely appeal. This Court has jurisdiction under 18 U.S.C. § 3742.

**DISCUSSION**

**I.       Standard of Review**

This Court reviews a sentence imposed by the district court under an abuse of discretion standard. *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007). The Court reviews for both procedural and substantive reasonableness. *United States v. Barahona-Montenegro*, 565 F.3d 980,

---

[3]A violation of 18 U.S.C. § 2252A is considered a "sex offense" under Guidelines definitions. U.S. Sentencing Guidelines Manual § 5D1.2, cmt. n1 (2006). A policy statement included at § 5D1.2 reads: "If the instant offense of conviction is a sex offense, however, the statutory maximum term of supervised release is recommended."

983 (6th Cir. 2009). Within-Guidelines range sentences are afforded a rebuttable presumption of reasonableness.[4] *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir.2008) (en banc).

In determining if a sentence is procedurally reasonable, we consider whether the district court "committed [a] significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). For sentences of supervised release, we consider "the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." 18 U.S.C. § 3583(c).

In straightforward terms, "the crucial question [for procedural reasonableness] is whether the record makes clear that the sentencing judge listened to each argument, considered the supporting evidence, was fully aware of the defendant's circumstances and took them into account in sentencing him." *United States v. Wallace*, 597 F.3d 794, 804 (6th Cir. 2010) (citations and internal quotation marks omitted).

Next, we turn to the question of substantive reasonableness. "A sentence is substantively unreasonable if the district court 'selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor.'" *United States v. Husein*, 478 F.3d 318, 332 (6th Cir. 2007) (quoting *United*

---

[4]The life term of supervised release is a within-Guideline sentence for Burnette's offense as of the 2006 edition of the Guidelines. *See United States v. Presto*, 498 F.3d 415, 421 n.3 (6th Cir. 2007).

*States v. Caver*, 470 F.3d 220, 248 (6th Cir. 2006)). For sentences of supervised release, the sentencing court is required to consider the § 3583(c) factors. *United States v. Presto*, 498 F.3d 415, 418 (6th Cir. 2007).

At sentencing, a court must articulate the rationale underlying a given sentence in a way that creates a record sufficient for meaningful appellate review. *See Bolds*, 511 F.3d at 580. In addition, "where a defendant raises a particular argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it." *United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006). The district court is not required to address every argument made by a defendant, but only those that have been properly developed and are nonfrivolous. *United States v. Smith*, 510 F.3d 603, 608 (6th Cir. 2007). "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence . . . [s]ometimes the circumstances will call for a brief explanation; sometimes they will call for a lengthier explanation" *Rita v. United States*, 551 U.S. 338, 357 (2007). A brief explanation can be legally sufficient. *Id.* at 358.

In addition to the factors that the district court *must* consider, the district court *may* also consider a wide variety of other factors, including its own experience, where relevant. We have recently reiterated that "[i]n determining what sentence to impose, 'a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come.'" *United States v. Bey*, 384 F. App'x 486, 490 (6th Cir. 2010) (quoting *United States v. Tucker*, 404 U.S. 443, 446 (1972)).

## II.     Analysis

Burnette argues that the district court was "procedurally and substantively unreasonable when it based its decision to impose lifetime supervision on possibly erroneous facts (the unnamed 'scientific study') and failed to adequately explain its reasoning." (Def.'s Br. 7.) The United States argues that Burnette's procedural reasonableness claim must be reviewed under the plain error standard. We agree.

In this Circuit, district courts are required, "after pronouncing the defendant's sentence but before adjourning the sentencing hearing, to ask the parties whether they have any objections to the sentence just pronounced that have not previously been raised." *United States v. Bostic*, 371 F.3d 865, 872 (6th Cir. 2004) (footnote omitted). In cases where the sentencing judge properly poses the *Bostic* question, "the defendant generally forfeits the right to challenge on appeal any procedural errors to which he did not object at the time of sentencing." *United States v. Herrera-Zuniga*, 571 F.3d 568, 578 (6th Cir. 2009). This is because the purpose of the *Bostic* rule is to "give the prosecution and defense alike an opportunity to articulate any objection and the grounds therefor; [to] aid the district court in correcting any error and allow it to do so on the spot; and [to] facilitate the appellate process by highlighting precisely which objections have been preserved." *Vonner*, 516 F.3d at 385 (internal citations and quotations omitted). Claims that are not preserved are subject to plain error review. *See Herrera-Zuniga*, 571 F.3d at 580.

In this case, while Burnette did raise an objection after the district court posed the *Bostic* question, the objection was not specific enough to allow the court to correct the perceived procedural error "on the spot." In response to the *Bostic* question, Burnette objected by stating: "Your honor,

in light of, I guess, the recent case law in *Vonner*, I guess so the record can reflect that, we do specifically object to the lifetime supervision, the lifetime supervised release." (Sent. Tr. 19.) While this objection is sufficient to preserve his substantive reasonableness claim, it falls short of highlighting the issues underlying the procedural reasonableness claim that he now raises before this Court. The objection speaks neither to Burnette's assertion that the district court's citation to an "unnamed scientific study" was flawed, nor to his allegation that the court's observation that the term of supervised release could be terminated by Burnette's probation officer was improper. Both of these issues were of the sort that could have been addressed by the district court on the spot, if properly raised at sentencing. Therefore, Burnette's claim is reviewed for plain error.

In order to prevail under the plain error standard, the plaintiff must show an "(1) error (2) that was obvious or clear, (3) that affected defendant's substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *Wallace*, 597 F.3d at 802 (citing *Vonner*, 516 F.3d at 386).

### A. Procedural Reasonableness

Burnette argues that the district court was procedurally unreasonable "when it based its decision to impose lifetime supervision on possibly erroneous facts." The erroneous fact Burnette points to is an "unnamed scientific study," which the district court mentioned as one of several factors that may have influenced its sentencing considerations. Burnette argues that this study was "the crux of the justification for [the district court's] ruling." (Def.'s Br. 12.)

In support of this argument, Burnette excerpts but a single portion of the sentencing transcript, in which the district court makes the following statement:

> There is a request on your counsel's part that the Court not impose a term of lifetime supervision.  The Court has also considered that, but the Court has decided not to comply with that request, basically for two reasons: [age and ability to terminate early].

(*Id.* at 11.)

This excerpt, such as it is, misrepresents the district court's sentencing analysis as a whole. Instead, it only speaks to the court's articulation of why it rejected Burnette's argument for a lower sentence of supervised release, as we discuss below.

A review of the entire sentencing transcript reveals the following: The district court began by acknowledging that the sentencing guidelines are advisory and not mandatory, as per *United States v. Booker*, 543 U.S. 220, 245 (2005).  (Sent. Tr. 5.)  The court proceeded to explain the requirement to consider all § 3553(a) factors at sentencing.  (*Id.*)  The court continued by providing the parties an opportunity to object to the calculated Guideline range and to any aspect of the PSR; neither party set forth an objection.  (*Id.* at 4-5.)  After giving each party a chance to present any final statements or arguments, the court gave its full sentencing analysis.

The court began by discussing the "nature and circumstances of the offense," and in doing so acknowledged that Burnette was neither a manufacturer nor a producer of child pornography, but instead a consumer.  (*Id.* at 11.)  The court stated that being a consumer is still serious, because consumers create a market for more child pornography.  (*Id.*)

The court further stated that it had considered Burnette's background and his history.  (*Id.*) The court concluded that a within-Guidelines sentence was "appropriate and . . . will fulfill all the purposes of Section 3553 of Title 18 of the United States Code."  (*Id.*)

Having thus laid out its overall sentencing considerations, the court then necessarily addressed Burnette's arguments for a sentence of supervised release of less than a life term. *See United States v. Blackwell*, 459 F.3d 739, 774 (6th Cir. 2006) (noting that "the black letter law of this Circuit requires district courts to consider all factors brought to their attention by a defendant."). The court stated that it was concerned, based on its experience, that Burnette was "very, very young for this type of offense." (Sent. Tr. 12.) The court continued:

> There has [sic] been some scientific studies that suggest that the older people become, the stronger the urge is to involve themselves in this. That may or may not be true. But because of your young age for this type of offense, the Court thinks that a lengthy term of supervision would be appropriate just to protect the public in case you do have stronger urges in the future.

(*Id.*)

The court then explained that a term of supervised release could be terminated in the future, "if the probation officers who are supervising [Burnette] determine that they no longer believe that supervision is appropriate." (*Id.*) Therefore, the court stated, the ultimate length of the sentence would "be based to some extent upon [Burnette's] own behavior." (*Id.* at 13.)

The court concluded by prescribing substance abuse treatment and sexual offender and mental health treatment for Burnette, an acknowledgment of "needed medical care, or other correctional treatment." 18 U.S.C. § 3553(a)(2)(D).

It appears that the district court turned to its own empirical perception of the median age of sex offenders, and the "unnamed scientific study," in specific response to the factors that Burnette raised in argument for a lower sentence. During Burnette's final statement to the court, his counsel alluded to his young age and developing maturity as a mitigating factor (stating that "a certain

maturity . . . has grown in Mr. Burnette" since the time of the commission of the crime), and also maintained that Burnette was unlikely to reoffend (arguing that "there is no indication that [Burnette] is a continuing threat . . . ."). (Sent. Tr. 7-8.)

The district court's statements regarding Burnette's age were a direct and permissible response to these sentencing arguments. In *United States v. Janosko*, a case in which the plaintiff challenged the district court's concern about the probability of the defendant committing future sexual offenses, we held that "[t]he district court was free to reach its own conclusion about defendant's danger to the community based on the circumstances of the offense and the district court's years of experience monitoring individuals on parole and supervised release." 355 F. App'x 892, 897 (6th Cir. 2009). In the instant case, the court made clear that it did not attribute much weight to the scientific studies (stating that they "may or may not be true") and that it reached its conclusion based on its own extensive experience. Under the circumstances, therefore, the district court did not abuse its discretion by referring to the scientific studies.

It is clear that the district court took into consideration all of the necessary factors in reaching its sentencing determination and that it properly articulated its rationale and addressed the parties arguments for other sentences. Under the plain error standard, we cannot find that the district court committed any error in so doing.

### B.     Substantive Reasonableness

Burnette further argues that the district court was "substantively unreasonable when it did not consider Mr. Burnette's individual situation when imposing lifetime supervision." (Def.'s Br. 7.) Burnette makes the same arguments to support his substantive unreasonableness claim as for

procedural unreasonableness, adding the following factors: that the district court's focus on Burnette's age "disregards Mr. Burnette's individual circumstances;" that Burnette has no history of engaging in child pornography and had no intention of distributing any pornographic images; and that Burnette suffers from depression, for which he independently sought treatment before sentencing. (*Id.* at 14.) The district court, Burnette argues, failed to properly consider any of these factors.

Burnette does not argue that the imposed term of supervised release was selected arbitrarily; but instead argues that the sentence was based on impermissible factors (i.e., the scientific study) and that the court unfairly weighed certain factors, primarily by not placing more importance on Burnette's mental health problems and his clean criminal history.

The fact that the district court arrived at a sentence that was within-Guidelines (at the bottom range for the term of incarceration and the top range for the term of supervised release) does not indicate that the court failed to properly consider Burnette's individual circumstances. *See Janosko*, 355 F. App'x at 896 ("Finding that an appropriate sentence under section 3553 falls within the guidelines range is not inherently suspect.").

There is nothing to indicate that the district court did not properly consider the factors that Burnette now raises in this appeal. In calculating Burnette's criminal history level at Category I, the basis for which is reflected in his PSR, the court clearly took into consideration the absence of a criminal history involving child pornography.[5] Burnette was also given a two point reduction in his

---

[5]Burnette had previously been arrested for contributing to the delinquency of a minor, though the case was later dismissed for failure to prosecute. The charge stemmed from Burnette's involvement with a 14 year old girl. This information was reflected in Burnette's PSR. (PSR at 7.)

base offense level for lack of intent to distribute, so this factor was also properly taken into account in sentencing; the district court also specifically mentioned its consideration of the fact that Burnette was a "consumer" of child pornography, not a manufacturer or producer  The court ordered that Burnette receive both sexual offender and mental health treatment while in custody, which is a strong indication that the court considered, and gave weight to, the state of Burnette's mental health.  All of this is clear evidence that the district court took Burnette's individual circumstances into consideration and determined his sentence accordingly.

The policy statement embodied in § 5D1.2 of the Guidelines, recommending a life term of supervised release for sex offenders, also cuts against Burnette's argument that the district court's imposition of a life term of supervised release was substantively unreasonable. Section 3553(c) instructs the sentencing judge to consider, among the other factors, "any pertinent policy statement . . . issued by the Sentencing Commission."  18 U.S.C. § 3553(a)(5).  Therefore, the district court was clearly allowed to take the policy statement into consideration in forming its determination. Coupling the recommendation embodied in this policy statement with the district court's consideration of Burnette's individual circumstances—including all of the factors that Burnette now raises in this appeal—leads us to conclude that Burnette's sentence was not substantively unreasonable.

## CONCLUSION

Burnette has failed to show that his sentence was either substantively or procedurally unreasonable.  We therefore hold that the district court did not err when it sentenced Burnette to a life term of supervised release, and we **AFFIRM** the district court's decision.