**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name:  17a0106n.06

Case No. 15-4428

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Feb 14, 2017
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| HENRY C. TIPPETT, JR., | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | OPINION |
| | ) | |

**BEFORE:  BOGGS, SILER, and DONALD, Circuit Judges.**

**BERNICE BOUIE DONALD, Circuit Judge.**    Henry Tippett, Jr. pled guilty to conspiracy charges arising from his operation of an oxycodone-distribution operation.  He now appeals his below-guidelines sentence, arguing it is both procedurally and substantively unreasonable.  For the reasons discussed below, we **AFFIRM** Tippett's sentence.

**I.**

Tippett led an oxycodone distribution ring, whose members would travel to Florida to buy pain medication from pain clinics to distribute on the streets of Ohio.  After being indicted for charges arising out of these activities, Tippett pled guilty to conspiracy to distribute and to possess with intent to distribute oxycodone, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C).  Based on a total offense level of 31 and a criminal history category of I, the district court determined that Tippett's guidelines sentencing

range was 108 to 135 months and sentenced him to 96 months of imprisonment and three years of supervised release.

Before the district court, Tippett argued that the Sentencing Commission ("the Commission") incorrectly changed the oxycodone equivalence as it relates to marijuana. He asserted:

> In 2003, when the Commission changed the equivalency for oxycodone as it relates to marijuana, it based it on the wrong pill, which, essentially, we would call it an Oxy 10 or Perc 10, rather, a 10-milligram pill, and that has resulted in, essentially, an overstatement of the importance of 30-milligram pills, which results in an artificially high guideline calculation.
> So, [the base offense level of 30] . . . overstates the harm, and it really overstates the sort of the dosage equivalents of this number of pills versus an equivalent amount of marijuana . . . .

Sentencing Tr. 13:17–14:3, ECF No. 363. Both parties agreed that Tippett's proposal would change the total offense level to 29, so with a criminal history category of I, the guidelines range would be 87 to 108 months. The district court rejected Tippett's equivalency argument, concluding:

> [I]t's the increasing appreciation of the very harmful effects of these drugs that have likely influenced the Sentencing Commission . . . in revising the calculations and the formulas to be used in calculating the guideline sentencing range for these offenses. The Court believes that the harmful effects of the drugs are a very important sentencing factor in this case.

*Id.* at 22:18–24.

In sentencing Tippett, the district court first turned to the most significant factors relevant to its decision. It considered Tippett's leadership role in the offense and the fact that he chose as members of the conspiracy "individuals that he had significant influence over as a result of his family relationship with them and as a result of his employment relationship with them." *Id.* at 21:25–22:3. The court noted that "some of these folks were very vulnerable to his importuning because of their special circumstances, their employment relationships, their own drug addiction

- 2 -

and substance abuse problems and Mr. Tippett's authority as head of the family and as the employer." *Id.* at 22:4–8. Another important factor for the district court was the harmful effects of oxycodone:

> These medications, these synthetic narcotics are a precursor to heroin addiction. They are extremely damaging to the community, and we have seen in this community, as in many other communities in the country, an increase of deaths from overdoses from the taking of oxycodone and/or the drug that it often leads to, heroin.

*Id.* at 22:12–17.

Finally, the court considered Tippett's history and characteristics. It considered mitigating factors such as the fact that Tippett was hard-working and devoted to supporting his family, had physical and mental-health problems, and was not likely to reoffend because of his age and his understanding of the seriousness of his conduct.

The court ultimately sentenced Tippett to 96 months of imprisonment and three years of supervised release. It made a point to declare that there were grounds for a sentence higher than the bottom of the 87 to 108-month range that would have resulted from accepting Tippett's equivalency arguments, and that, even if it had accepted those arguments, it would have imposed the same sentence.

## II.

We generally review the reasonableness of a defendant's sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). "A district court abuses its discretion when it applies the incorrect legal standard, misapplies the correct legal standard, or relies upon clearly erroneous findings of fact." *United States v. Bridgewater*, 606 F.3d 258, 260 (6th Cir. 2010) (citation omitted). However, if a party fails to object to an alleged error before the district court, we review for plain error. *United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008) (en banc).

Before we reverse for plain error, we must conclude that there is an error that is plain, that affects the defendant's substantial rights, and that "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Johnson v. United States*, 520 U.S. 461, 466–67 (1997) (alteration and citation omitted). Moreover, we presume that within-guidelines sentences are reasonable, *Vonner*, 516 F.3d at 389, so when a defendant is sentenced below the guidelines range, he faces a heightened burden to persuade us that his sentence is unreasonable, *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008).

**A.**

Tippett first argues that his sentence is procedurally unreasonable because the district court relied on erroneous evidence that oxycodone use can lead to heroin use and cause death by overdose. He contends that the district court's statement to this effect was based on a source cited in the Government's sentencing memorandum, which is based on a study not made part of the record.[1]

In assessing the procedural reasonableness of a sentence, we consider whether the district court committed an error such as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. Tippett contends that the district court committed procedural error by relying on a clearly erroneous fact. The district court relies on clearly erroneous facts when it "relies upon erroneous information and the information in question appears to have been an

---

[1] Tippett also insists that, in order to rely upon the assertion that oxycodone can lead to heroin addiction, the district court was required to find that statement as a fact by a preponderance of the evidence. He further insists that such a standard was not met because there was no evidence that prescription opioid use causes heroin addiction or an increase of deaths in the community from illegal oxycodone use. Because we find the facts relied upon by the district court were not clearly erroneous and because Tippett did not contest the facts below, we cannot say on plain-error review that such a fact was not demonstrated by a preponderance of the evidence. As such, we need not reach the question of the standard of proof by which every statement that plays a role in sentencing must be found.

important factor in determining the sentence." *United States v. Cunningham*, 669 F.3d 723, 730 (6th Cir. 2012) (citation omitted) (internal quotation marks and alteration omitted).

In imposing a sentence "a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." *United States v. Bey*, 384 F. App'x 486, 490 (6th Cir. 2010) (quoting *United States v. Tucker*, 404 U.S. 443, 446 (1972)). "In addition to the factors that the district court *must* consider, the district court *may* also consider a wide variety of other factors, including its own experience, where relevant." *United States v. Burnette*, 414 F. App'x 795, 798 (6th Cir. 2011). In *Burnette*, for instance, based in part on the district court's own experiences, it concluded that the defendant's young age at the time of the offense warranted a lengthy term of supervised release. *Id.* at 799–800. In doing so, it referred to "some scientific studies," suggesting that the urge to commit the offense becomes stronger with age. *Id.* at 800. The district court thereby inferred that the defendant, who felt such an urge at a young age, might have an even stronger urge later in life. *Id.* at 800. We concluded that the district court did not plainly err and that the defendant's sentence was procedurally reasonable because "it reached its conclusion based on its own extensive experience," considered all of the necessary factors, properly articulated its reasoning, and addressed the parties' arguments. *Id.* at 800–01. Similarly, in *Cunningham*, we upheld the defendant's sentence where the district court relied on studies suggesting high recidivism rates for child sex offenders, even though the defendant presented data collected by the Commission that suggested that the defendant only had a 6.2% chance of reoffending. 669 F.3d at 730–31.

Tippett does not meaningfully dispute whether oxycodone use can lead to heroin addiction or an increase in overdose deaths; rather, he only attempts to poke holes in the source

the Government provided for that statement. The record does not support the view that the district court relied on the source cited by the Government rather than on its own experience in sentencing. Moreover, though the district court mentioned heroin, under a fair reading of its decision, the district court's concern was with the seriousness of the harm caused by oxycodone generally, not specifically the harm derived from a possible connection between oxycodone and heroin abuse. But even if it relied on this study and based its sentencing decision in part on a connection between oxycodone and heroin use and addiction, the district court's imposition of the sentence was not procedurally unreasonable. It considered all of the relevant § 3553(a) factors and explained its reasoning for imposing the sentence and rejecting Tippett's arguments. Furthermore, Tippett's claim for relief is even weaker than that of the defendant in *Cunningham* because Tippett does not present an argument to rebut the court's assertion, let alone provide specific studies, as did the defendant in *Cunningham*. Even more, the defendants in *Burnette* and *Cunningham* were sentenced to a within-guidelines sentence, *see Cunningham*, 669 F.3d at 727; *Burnette*, 414 F. App'x at 796–97, and so did not bear the more demanding burden that Tippett has here of establishing the unreasonableness of his below-guidelines sentence. *Curry*, 536 F.3d at 573.

In imposing Tippett's sentence, the district court did not err in considering the danger oxycodone use causes the community. Accordingly, the district court's imposition of Tippett's sentence was not procedurally unreasonable.

**B.**

Next, Tippett argues that his sentence is substantively unreasonable because the district court gave the need to avoid unwarranted sentencing disparities an unreasonably low weight. Specifically, he contends that the district court's supposed reliance on the purported connection

between oxycodone and heroin use as a sentencing factor led to its rejection of Tippett's arguments against the Commission's equivalency calculations. Therefore, he concludes, the district court failed to give adequate weight to this unwarranted sentencing disparity.

The district court imposes a substantively unreasonable sentence if the sentence it selects is arbitrary, if it relies on impermissible factors, if it fails to consider a relevant § 3553(a) factor, or gives an unreasonable amount of weight to any relevant factor. *United States v. Walls*, 546 F.3d 728, 736 (6th Cir. 2008). In essence, our inquiry is whether the sentence is greater than necessary to achieve the goals of sentencing. *United States v. Tristan-Madrigal*, 601 F.3d 629, 632–33 (6th Cir. 2010).

The parties dispute whether Tippett raised this objection below. However, even if we accept Tippett's contention that he raised the objection and review for abuse of discretion rather than plain error, his claim still fails. Assuming that the district court may deviate from the guidelines if it disagrees with a policy statement articulated therein and believes that a lower sentence is sufficient to achieve the goals of sentencing, *see Kimbrough v. United States*, 552 U.S. 85, 109–10 (2007), the district court is not required to do so. Although Tippett takes issue with how the district court reached its decision to accept the Commission's calculations of oxycodone-marijuana equivalence—its allegedly erroneous belief, based on a source cited by the Government, that oxycodone can lead to heroin addiction—as discussed above, the record does not reflect that this belief was based on the source relied upon by the Government in its sentencing memorandum. Even so, as noted, Tippett presents no evidence contradicting this assertion. More importantly, the court made clear that even if it accepted Tippett's arguments that the Commission incorrectly changed the oxycodone equivalence as it relates to marijuana, it

would have imposed the same sentence because the nature of Tippett's offense warranted a sentence higher than the lower end of Tippett's proposed guidelines range.

Therefore, we conclude that Tippett's sentence was not substantively unreasonable.

## III.

For the foregoing reasons, we **AFFIRM** Tippett's sentence.