NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0525n.06

Case No. 22-1841

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

> **FILED**
> Dec 14, 2023
> KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
|  | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
|  | ) | |
| JEROME TILL, | ) | |
| Defendant-Appellant. | ) | |
|  | ) | O P I N I O N |

Before: McKEAGUE, STRANCH, and NALBANDIAN, Circuit Judges.

**NALBANDIAN, Circuit Judge.** Jerome Till pleaded guilty to distributing at least forty grams of heroin laced with fentanyl. The Presentence Report identified Till's extensive criminal history as a potential reason for an upward departure under U.S.S.G. § 4A1.3. The district judge imposed an upward departure and sentenced Till to seventy months in prison, ten months above his Guidelines range. Till now appeals, arguing the upward departure is procedurally unreasonable because the court (1) did not provide reasonable notice of the potential departure, (2) did not adequately explain the sentence, and (3) based the sentence on erroneous facts. We disagree and AFFIRM.

**I.**

**A.**

On August 17, 2020, Jerome Till sold what he thought was heroin to a confidential DEA informant. It turns out, Till's more than fifty grams of drugs contained a mix of heroin, cocaine,

and fentanyl. Other evidence revealed that Till was part of a larger drug ring, so the government eventually arrested and indicted Till for conspiracy to possess with intent to distribute 400 grams or more of a substance containing fentanyl and distribution of forty grams or more of a substance containing fentanyl. Till pleaded guilty to distributing forty grams or more of a substance containing fentanyl.

The government then prepared a Presentence Report (PSR), which set Till's base offense level at twenty-four. The base offense level was reduced by two levels for playing a minor role in the criminal activity and three levels for accepting responsibility, leading to a total offense level of nineteen. Several of Till's past criminal convictions contributed to his criminal history score, such as possessing a firearm as a felon, failing to comply with sex offender registration requirements, manufacturing controlled substances, and obstructing justice by fleeing from the police. This established a criminal history category of IV.

But other past convictions did not contribute to this criminal history score, including larceny from a person, possession of a controlled substance, and criminal sexual conduct in the fourth degree. Till's past, unconvicted criminal conduct also did not contribute to his criminal history score. For example, Till was charged with criminal sexual conduct, several counts of domestic violence, possession of a firearm by a felon, and assault with intent to do great bodily harm, on top of several other offenses. Till also had multiple pending charges at the time of his arrest.

With an offense level of nineteen and a criminal history category of IV, Till's recommended Guidelines range was forty-six to fifty-seven months in prison. But because this range fell below the statutory mandatory minimum for his crime, his Guidelines range defaulted

to sixty months. The PSR also addressed factors that could warrant an upward departure from the Guidelines range:

> The probation officer has identified USSG § 4A1.3 Criminal History Adequacy as a potential ground[] for departure. It is noted Mr. Till has numerous violent offenses which he was not convicted of, but are clearly part of a larger pattern of behavior that victimizes women in the community, making him a great[er] risk to the public than captured by the current guideline scoring.

R.364, PSR, p.44, PageID 1677. The PSR therefore recommended an upward departure for a sentence of seventy-eight months.

**B.**

At the sentencing hearing, Till's attorney argued that Till did not "actually know there was fentanyl" in the heroin he was selling. R.424, Sent. Tr., p.7, PageID 2194. Counsel contended that "the person who knows he is selling something that's contaminated with fentanyl" should be punished "more harsh[ly] than the person who sells something ignorant of that fact." *Id.* Till's counsel also implored the court to look "sympathetically" on Till because he had a difficult upbringing, so the court "should not place too much weight on this uncharged violence." *Id.* at p.6, PageID 2193.

The district court imposed a sentence of seventy months in prison, ten months above Till's mandatory minimum. In addressing the PSR's recommended departure, the court explained that it did "not bas[e] a departure upward" on dismissed conduct, but instead "depart[ed] upward from the advisory guideline range" for "two reasons." *Id.* at p.10, PageID 2197.

First, the court had "a policy disagreement with the base offense level for distribution of fentanyl at the level now prescribed by the guidelines," because the Guidelines Commission had "not had the opportunity to review whether fentanyl is appropriately placed at [Base] Offense Level 24," and in "the Court's judgment, Base Offense Level 24 is not adequate." *Id.* "Fentanyl

and its death causing effects in the Western District of Michigan and across the country," the court continued, "mandates a higher base offense level." *Id.* at p.11, PageID 2198.

Second, referencing the "two parts to the guideline provision regarding upward departure based on inadequacy of criminal history," *see* U.S.S.G. § 4A1.3(a) for the relevant parts, the court explained that "based on the totality of the record, Criminal History Category IV does not adequately measure the likelihood of this defendant re-offending." R.424, p.11, PageID 2198. The court emphasized that Till had "a horrible record on a number of fronts, not the least of which is a prior firearms conviction, a prior conviction for criminal sexual conduct in the fourth degree, among other convictions which the Court has reviewed." *Id.* Accordingly, the Court announced it was "going to depart or vary upward two levels" to a range of fifty-seven to seventy-one months and impose a sentence "towards the higher end of that range." *Id.* The court believed that Till needed to be "specifically deterred" because he was "a threat to the public." *Id.* at pp.11–12, PageID 2198–99.

The court also accepted Till's contention that he "did not know that the drugs that he was delivering contained fentanyl." *Id.* at p.12, PageID 2199. But the court found that "drugs laced with fentanyl [are] becoming so ubiquitous in the drug trafficking community in the Western District of Michigan that you assume the risk at this point in time when you think you're delivering heroin." *Id.* In the court's experience, "the likelihood that fentanyl is also involved is extremely high." *Id.* So the court explained that "when you decide to deal heroin in the Western District of Michigan, the potential for it to be laced with fentanyl is, in the Court's judgment, very high." *Id.*

These reasons led the court to sentence Till to prison for seventy months. Counsel for Till objected to the higher sentence but advanced no other objections. *Id.* at p.14, PageID 2201. The attorney for the government then asked if the court was basing the departure on U.S.S.G. § 4A1.3

or if it was a variance based on 18 U.S.C. § 3553(a). The district court responded that the "second part" of 4A1.3(a)(1) "says, 'or the likelihood the defendant will commit other crimes.'" R.424, p.15, PageID 2202. So "it's a departure pursuant to 4A1.3, it's a variance because I have a policy disagreement with the Base Offense Level of 24, so it's really conjunctive, rather than one basis." *Id.* at p.16, PageID 2203.[1] Till timely appealed.

## II.

We review district court sentencing decisions under a deferential abuse-of-discretion standard. *United States v. Johnson*, 79 F.4th 684, 705 (6th Cir. 2023). So we review the sentencing court's factual findings for clear error and its legal conclusions de novo, giving due deference to the district court's application of the Guidelines to facts. *United States v. Abdalla*, 972 F.3d 838, 850 (6th Cir. 2020).

When we review a sentence, we look for reasonableness in two forms: procedural and substantive. *United States v. Solano-Rosales*, 781 F.3d 345, 351 (6th Cir. 2015). Till claims the district court's sentence was procedurally unreasonable, Appellant Br. at 10, so that is our focus here. A sentence can be procedurally unreasonable if, for example, the sentencing judge fails to adequately articulate its reasoning for imposing the sentence, *United States v. Jones*, 81 F.4th 591, 601 (6th Cir. 2023), or bases the sentence on clearly erroneous facts, *United States v. Small*, 988 F.3d 241, 257 (6th Cir. 2021).

---

[1] A "departure" and a "variance" are distinct concepts: A Guidelines "departure" refers to the "imposition of a sentence outside the advisory range or an assignment of a criminal history category different than the otherwise applicable category" resulting "from the district court's application of a particular Guidelines provision, such as § 4A1.3." *United States v. Grams*, 566 F.3d 683, 686 (6th Cir. 2009). On the other hand, a "variance" refers to the "selection of a sentence outside of the advisory Guidelines range based upon the district court's weighing of one or more of the sentencing factors of § 3553(a)." *Id.* at 686–87. Because Till mainly challenges the court's reasoning under § 4A1.3(a), we will refer to the sentence here as an upward departure.

Till contends the district court committed three procedural errors: (1) the court violated Federal Rule of Criminal Procedure 32(h) by providing insufficient notice before departing upward; (2) the court did not adequately explain why U.S.S.G. § 4A1.3 justified an upward departure; and (3) the court based its sentence, at least in part, on erroneous facts. Appellant Br. at 11. We address each in turn.

**A.**

The Federal Rules of Criminal Procedure require that, before "the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure," and the "notice must specify any ground on which the court is contemplating a departure." Fed. R. Crim. P. 32(h). Because the adequacy of notice under Rule 32(h) is a legal issue, we review it de novo. *United States v. Matheny*, 450 F.3d 633, 637 (6th Cir. 2006).

The PSR below "identified USSG §4A1.3 Criminal History Adequacy as a potential ground[] for departure." R.364, p.44, PageID 1677. Under the Guidelines, if "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted." U.S.S.G. § 4A1.3(a)(1). It thus lays out two grounds for a potential departure: the criminal history category "substantially under-represents" either (1) the "seriousness" of the defendant's criminal past or (2) the "likelihood that the defendant will commit other crimes." *Id.* And when it came time for sentencing, the district court explained that "based on the totality of the record, Criminal History Category IV does not adequately measure the likelihood of this defendant re-offending." R.424, p.11, PageID 2198. So

6

the court invoked § 4A1.3's second option. Indeed, when counsel asked for clarification, the court explained that it was basing the departure on the "second part." *Id.* at p.15, PageID 2202.

The PSR satisfied Rule 32(h)'s notice requirement when it identified U.S.S.G. § 4A1.3's criminal history adequacy provision as a factor that may warrant departure. This alone is sufficient to provide "reasonable notice." *See Matheny*, 450 F.3d at 635–37 (holding that a PSR that simply restated the text of § 4A1.3(a)(1) without any further reasoning was enough to give the parties notice of a potential departure under Rule 32(h)). The PSR is required "only to give notice, not to explain its rationale." *Id.* at 640. So any further explanation, while helpful, is unnecessary. And here, the PSR provided notice plus additional reasoning. The PSR elaborated, "Till has numerous violent offenses which he was not convicted of, but are clearly part of a larger pattern of behavior that victimizes women in the community, making him a great[er] risk to the public than captured by the current guideline scoring." R.364, p.44, PageID 1677.

Based on the language that "Till has numerous violent offenses which he was not convicted of," Till argues that the court could only depart upward based on non-convicted conduct. *See* Appellant Br. at 13. But the district court explained that it was departing upward because Till had "a horrible record on a number of fronts, not the least of which is a prior firearms conviction, a prior conviction for criminal sexual conduct in the fourth degree, among other convictions which the Court has reviewed." R.424, p.11, PageID 2198. Till therefore believes that by basing the departure on convicted conduct, the court contradicted the PSR.

Because of the PSR's note about Till's uncharged criminal conduct, the parties focused on that conduct at and before sentencing rather than prior, convicted conduct that did not contribute to Till's criminal history category. R.371, Sent. Memo., pp.1–2, PageID 1719–20; R.424, pp.5–6, PageID 2192–93. But Till's argument ultimately confuses specificity with exclusivity. Simply

7

because the PSR provided more information as to why it believed a departure may be warranted does not mean that this specificity negated notice. The first sentence of the PSR section entitled "FACTORS THAT MAY WARRANT DEPARTURE" reads, the "probation officer has identified USSG §4A1.3 Criminal History Adequacy as a potential ground[] for departure." R.364, p.44, PageID 1677. This provided "reasonable notice" to Till that the court was considering a departure based on the provisions of §4A1.3. Fed. R. Crim. P. 32(h); *Matheny*, 450 F.3d at 637. Till even admits in his brief that "the PSR recommended, and therefore provided notice to the parties, that USSG § 4A1.3 could be applied to increase Mr. Till's Sentence." Appellant Br. at 12. Till, therefore, has failed to show that the court violated Rule 32(h) in sentencing him.[2]

**B.**

We next consider whether the court adequately explained its departure based on § 4A1.3(a)(1). If a sentencing court departs from the Guidelines range, Congress requires the court to give "the *specific reason* for the imposition of a sentence different from that described" in the applicable Guidelines. *United States v. Johnson*, 640 F.3d 195, 205 (6th Cir. 2011) (quoting 18 U.S.C. § 3553(c)(2)). We have accordingly held that "a sentence is procedurally unreasonable" when the sentencing court fail[s] to "'provide its specific reasons for an upward departure or variance.'" *Id.* at 206 (quoting *United States v. Blackie*, 548 F.3d 395, 401 (6th Cir. 2008)).

In explaining its departure, the court below expressed that "based on the totality of the record, Criminal History Category IV does not adequately measure the likelihood of this defendant re-offending." R.424, p.11, PageID 2198. The court emphasized that Till had "a horrible record

---

[2] The government argues that Till failed to raise his Rule 32(h) argument below and thus we must review for plain error. Appellee Br. at 12. Till responds that plain error does not apply because he did not get a chance to object below. Appellant Reply Br. at 5–6 n.1. No matter if we review for plain error or not, Till's Rule 32(h) argument fails.

on a number of fronts," and that "Till needs to be specifically deterred" to "get the message" that he needs to conform his conduct to the requirements of the law. *Id.* at pp.11–12, PageID 2198–99.

The court did not abuse its discretion by explaining the departure in this way. The court offered several "specific reasons" for departing—the totality of the record not reflecting Till's likelihood of reoffending, the need to deter him, and his inability to comply with the law. In a similar case, we found sufficient a district court's explanation when it noted that "no sentence imposed has deterred him from further criminal activity" and that the criminal history category "did not adequately reflect the defendant's likelihood to reoffend." *United States v. Mabry*, No. 22-1576, 2023 WL 4183456, at *3 (6th Cir. June 26, 2023) (internal quotation marks omitted). That is enough here too.[3]

Till argues that the district court did not adequately explain the sentence because it failed to articulate how the examples listed in § 4A1.3(a)(2)[4] factor into Till's sentence. Appellant Br.

---

[3] Till avers that the district court's "method of departure" was irregular because it failed to key the upward departure to a specific increase in his criminal history category. Appellant Br. at 17; *see* U.S.S.G. § 4A1.3(a)(4)(A) (requiring the court to "determine the extent of a departure . . . by using, as a reference, the criminal history category applicable to defendants whose criminal history or likelihood to recidivate most closely resembles that of the defendant's"). True, the court should have described the departure as moving over (in the Sentencing Table) to a higher criminal history category rather than moving up two offense levels. *See* U.S.S.G. § 4A1.3(a)(4)(B) (specifying that the court should move up in offense level only if the criminal history category is at VI, the maximum). But in this case, a proper upward departure based on a criminal history category of V would put Till in a higher range of fifty-seven to seventy-one months, the same range the district court used in its departure. And his sentence of seventy months was within this higher range. So any error was "harmless" because it plainly "did not affect the district court's selection of the sentence imposed." *Grams*, 566 F.3d at 688 (quoting *United States v. Obi*, 542 F.3d 148, 156 (6th Cir. 2008)). The district court's explanation is thus not reversible.

[4] That provision states that the "information described in" § 4A1.3(a)(1) "may include information concerning the following: (A) Prior sentence(s) not used in computing the criminal history category (e.g., sentences for foreign and tribal convictions). (B) Prior sentence(s) of substantially more than one year imposed as a result of independent crimes committed on different occasions.

at 15–17. But Till produces no applicable case showing that a sentencing court cannot base an upward departure on § 4A1.3(a)(1) without first going through the examples in § 4A1.3(a)(2).[5] To the contrary, other courts have held that "the court is not limited to considering only these [§ 4A1.3(a)(2)] factors" in imposing a departure. *United States v. Outlaw*, 720 F.3d 990, 992 (8th Cir. 2013); *see also United States v. Robinson*, 456 F. App'x 283, 290 (4th Cir. 2011) (explaining that "§ 4A1.3(a)(2)'s list of types of information courts can consider in upwardly departing is not exhaustive" because it uses the term "includes," which commentary to the Guidelines defines as "not exhaustive" (citing U.S.S.G. § 1B1.1 cmt. 2)). Indeed, the district court in *Outlaw* did not go through the § 4A1.3(a)(2) factors and partly based its increase on "a need to protect the public," similar to the district court below. *Outlaw*, 720 F.3d at 992. So there is nothing in the statute's text nor relevant precedent that says courts must go through (a)(2)'s list before departing upward under (a)(1). Given all of this, the district court did not abuse its discretion in explaining Till's sentence.

## C.

Last, Till alleges that his sentence was based on erroneous facts. The claim that a sentence is procedurally unreasonable because it was based on erroneous facts requires a two-part showing:

---

(C) Prior similar misconduct established by a civil adjudication or by a failure to comply with an administrative order. (D) Whether the defendant was pending trial or sentencing on another charge at the time of the instant offense. (E) Prior similar adult criminal conduct not resulting in a criminal conviction." U.S.S.G. § 4A1.3(a)(2).

[5] Till cites *United States v. Lee*, 974 F.3d 670, 673 (6th Cir. 2020), but that case is not applicable. First, it deals with a substantive reasonableness challenge, not a procedural reasonableness challenge like here. Second, it says nothing about § 4A1.3(a)(2). And third, the past criminal conduct there was juvenile conduct, which required a more specific connection to the relevant crime. Till also cites *United States v. Tristan-Madrigal*, 601 F.3d 629, 634 (6th Cir. 2010), but that too is a substantive unreasonableness case, and it is one in which the Sixth Circuit found no abuse of discretion for the upward variance.

A defendant must establish, first, "that the challenged evidence is materially false or unreliable," and, second, "'that such false or unreliable information actually served as the basis for the sentence' in order to prove a due-process violation." *United States v. Adams*, 873 F.3d 512, 517 (6th Cir. 2017) (quoting *United States v. Robinson*, 898 F.2d 1111, 1116 (6th Cir. 1990)).

Till points to the district court's statements that the "potential" for drugs to be "laced with fentanyl is, in the Court's judgment, very high" and "the likelihood that fentanyl" is involved is "extremely high." Appellant Br. at 22 (quoting R.424, p.12, PageID 2199). According to Till, this constitutes an erroneous fact because the odds of dealing fentanyl are not, in fact, very high. Till proffers a DEA report from 2020 to argue that only eight percent of powdered drugs contain fentanyl. *Id.* (quoting DEA, 2020 *National Drug Threat Assessment* 10). The DEA reports that "fentanyl mixed with heroin accounted for 94 kilograms of the 1,066 kilograms of powdered drugs examined." *Id.* (cleaned up). But the court relied on its own experience and the admissions of Till's own counsel when it discussed the fentanyl, which was not an abuse of discretion.

First, the court was clear that it was making a claim about its own experience and judgment. *See* R.424, p.12, PageID 2199 (confining its statements to what it has dealt with in "the Western District of Michigan," basing this "on the Court's experience in this Court," and twice repeating that this was "in the Court's judgment"). We have upheld sentences when district judges rely on their own experience. *See United States v. Robinson*, 892 F.3d 209, 216 (6th Cir. 2018) (explaining that "the district court has discretion to consider the nature of heroin and similar drugs when deciding that the Guidelines do not provide adequate punishment" (internal quotation marks omitted)); *United States v. Burnette*, 414 F. App'x 795, 798 (6th Cir. 2011) (The "district court *may* also consider a wide variety of other factors, including its own experience, where relevant"). "And we have found no error" where a district court departed upward but specifically predicated

any policy disagreements "on local, not national, conditions." *Robinson*, 892 F.3d at 216 (internal quotation marks omitted). What's more, we have held that merely presenting statistics that don't exactly match the district court's statements does not render a sentence unreasonable. *See United States v. Cunningham*, 669 F.3d 723, 730–31 (6th Cir. 2012) (upholding defendant's sentence where the district court relied on studies suggesting high recidivism rates for child sex offenders, even though defendant presented data showing only a 6.2% chance of reoffending). Till cannot show the court committed procedural error with the statistics he proffers. Indeed, he presents no caselaw from our court or any other showing that such an alleged error is reversible.

Second, the claim that the district court relied on an erroneous fact is belied by counsel's own statements. Till's counsel admitted that "there is a good chance in today's day and age you're probably going to be selling fentanyl along with whatever it is you thought you were going to be selling," and that "in the eyes of the law, it doesn't matter whether you know or you don't know that there is fentanyl in that illicit stuff." R.424, p.7, PageID 2194. It is unpersuasive to now turn around and claim that the court's statement to the same effect is an "erroneous fact." Thus, we cannot say the court committed procedural error here.

## III.

For the reasons set forth above, we AFFIRM.